HARDY, Judge.
This is an action by plaintiff to recover damages to one of its automobiles, allegedly resulting from the negligence of defendant. After trial there was judgment rejecting plaintiff’s demands, from which it prosecutes this appeal.
At or about 10:30 A.M. on December 19, 1953, Mrs. Glenn Huff, Jr. was driving a 1953 DeSoto Fordor Sedan, owned by plaintiff, south on Highland Avenue in the City of Shreveport at a speed of approximately 25 miles per hour, and was involved in a collision, at the intersection of said Highland Avenue with Stoner Avenue, with a 1950 Pontiac Sedan owned and driven by the defendant, Nick Zanovich, who was driving west on Stoner Avenue. The point of the collision is fixed as being *320 approximately in the center of the street almost beneath the traffic control signal, and the impact was between the front of plaintiff’s car, which struck defendant’s automobile broadside, and the right front door of defendant’s car.
Plaintiff testified that she perceived the approach of the Zanovich car when she was at a distance of some 40 or 50 feet from the intersection, at which time the traffic signal showed the green light for traffic on Highland Avenue; that, realizing the other car was not going to stop, she immediately applied her brakes but was unable to stop in time to avoid the collision.
Defendant testified he was driving at a speed of approximately 25 miles per hour on Stoner Avenue; that, the traffic signal showed a green light for traffic on Stoner; that he entered the intersection and was struck by plaintiff’s car when about halfway across, and that he did not see the colliding automobile until at, or about, the moment of impact.
The above circumstances, as testified by the principals, comprehended practically the only material facts which are set forth in the transcript of evidence, with the exception of the stipulated circumstance that plaintiff’s automobile skidded 40 feet 7 inches from the time of application of brakes up to the point of impact. Additionally, there is some testimony with reference to a defective light bulb which prevented the showing of any signal whatsoever on Highland Avenue, but this testimony is not sufficiently certain to justify consideration.
Aside from the two named drivers of the respective vehicles the record contains no testimony by any other eye witness. The testimony of Colonel James B. Hippie, who was driving an automobile following the defendant’s car, was tendered by plaintiff, but, admittedly, Colonel Hippie did not see the actual collision nor, indeed, is his testimony of any material assistance on any other point.
The District Judge, for reasons set forth in a written opinion, found himself unable to make any pronouncement in view of the completely contradictory testimony of the two drivers, and therefore held, and we think properly, that plaintiff had failed to sustain the burden of proving negligence on the part of defendant.
In brief before this court counsel for appellant zealously contends that a number of deductions should be drawn from certain phases of the testimony, but we are unable to conclude that this would be justified even as being persuasive. Counsel further urges that Mrs. Huff testified that defendant had paid her for personal injuries received in the accident, which circumstance should be considered as an admission of negligence on the part of defendant Counsel is completely in error as to his premise. Reference to the transcript of the testimony of Mrs. Huff reveals the following question and answer which is the only portion of her testimony with reference to this particular point:
“Q. Mrs. Huff, did you receive injuries in this accident? A. Yes, sir, I did. I believe they have already settled with me for my injuries right after the accident happened.”
It is unnecessary to observe that the pronoun “they” is not susceptible of any identification with any of the parties in this record and may be concluded to have referred to either of the parties to this litigation, their insurer, or both.
Close examination of the record fails to reveal any fact or persuasion of fact which would justify any finding of manifest error. On the contrary, we think the conclusion reached by our learned brother of the District Court was the only reasonable and logical resolution.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.